IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESSE LEE BELL, #34803-077,  §<br>    Movant,  §<br>  §<br>v.  §<br>  §<br>  §<br>UNITED STATES OF AMERICA  §<br>    Respondent.  § | No. 3:18-CV-1247-N-BT<br>(No. 3:14-CR-376-N-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jesse Lee Bell, a federal prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 7. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Bell's Section 2255 motion was referred to the United States magistrate judge for findings of fact, conclusions of law, and recommendation. Because it plainly appears that Bell is not entitled to relief, the Court should dismiss his Section 2255 motion with prejudice. *See* Rule 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

### I.   Background

A jury found Bell guilty of four counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery"), one count of attempted Hobbs Act robbery, one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), four counts of brandishing a firearm during and in relation to a crime of violence

1

under 18 U.S.C. § 924(c)(1)(C)(i), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Bell*, No. 3:14-cr-376-N (1) (N.D. Tex.), Dkt. No. 81. The Court sentenced him to 1,384 months in prison with a three-year term of supervised release. *See id.*

On direct appeal, Bell challenged his Section 924(c) convictions, arguing that the definition of the phrase "crime of violence," as codified in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that Hobbs Act robbery could not qualify as a crime of violence under the alternative definition of that phrase, found in 18 U.S.C. § 924(c)(3)(A), because Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force. *See United States v. Bell*, 680 F. App'x 329, 329-330 (5th Cir. 2017) (per curiam).

To prevail on his direct appeal, Bell needed to succeed on both arguments. *See id.* The Court of Appeals rejected each argument in turn. The Court first held that *Johnson* did not invalidate Section 924(c)(3)(B). Citing its *en banc* opinion in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016)—which held that 18 U.S.C. § 16(b) remained constitutional in the wake of *Johnson*—the Court reasoned that because "Section 16(b) and Section 924(c)(3)(B) are materially identical, there is no merit in arguing that Section 924(c)(3)(B) was rendered unconstitutional by *Johnson*." *See Bell*, 680 F. App'x at 330. In rejecting Bell's *Johnson* challenge, the Court noted that the United States Supreme Court had not yet announced its decision in *Sessions v. Dimaya*, and

that "[the Fifth Circuit's] own precedent controls unless and until that precedent is altered by a decision of the Supreme Court." *Bell*, 680 F. App'x at 330.

The Fifth Circuit also rejected Bell's argument that Hobbs Act robbery was not a crime of violence under Section 924(c)(3)(A). *See id.* (citing *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017)). The Court reaffirmed that Hobbs Act robbery satisfies Section 924(c)(3)(A)'s force clause.

Bell did not petition the Supreme Court for a writ of *certiorari*. After his conviction became final, the Supreme Court announced *Dimaya*, striking down the "residual clause" of 18 U.S.C. § 16(b) as unconstitutionally vague. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018). The majority opinion was silent as to whether Section 924(c)(3)(B) remained constitutional. *But see id.* at 1241 (Roberts, C.J., dissenting) (noting that "§ 16 is replicated in the definition of 'crime of violence' applicable to § 924(c), which prohibits using or carrying a firearm 'during and in relation to any crime of violence'" but "express[ing] no view on whether § 924(c) can be distinguished from [Section 16(b)]").

Bell now challenges his criminal judgment under Section 2255. He argues that: (1) his Section 924(c) convictions are unconstitutional after *Dimaya*; (2) the Fifth Circuit erred in rejecting his claims on direct appeal; (3) his trial counsel was ineffective for failing to introduce evidence of his "long time history of mental illness;" and (4) his rights under the "Fifth, Sixth, Eighth, and Tenth Amendments of the United States Constitution, and Bill of Rights, have been violated." *See* Dkt. No. 7 at 7-8; *see also generally* Dkt. No. 2.

## II. Legal Standards & Analysis

### A. *Dimaya*

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. 924(c)(1)(A). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)  has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To succeed here on his challenge to his Section 924(c) convictions, Bell must show that *Dimaya* struck down Section 924(c)(3)(B) and that Hobbs Act robbery is not otherwise a crime of violence under Section 924(c)(3)(A). Contrary to Bell's argument, *Dimaya* affords him no relief.

After *Dimaya*, *Gonzalez-Longoria* is no longer good law. *See Gonzalez-Longoria v. United States*, ___ S. Ct. ___, 2018 WL 3013812 (2018) (granting *certiorari*, vacating the Fifth Circuit's opinion, and remanding for reconsideration in light of *Dimaya*). Although the Fifth Circuit, in Bell's direct appeal, relied on *Gonzalez-Longoria* in rejecting his contention that Section 924(c)(3)(B) was unconstitutionally vague, *see Bell*, 680 F. App'x at 330, neither the Supreme Court nor the Fifth Circuit has held that *Dimaya* struck down

4

Section 924(c)(3)(B). *See generally United States v. Williams*, ___ F.3d ___, ___, 2018 WL 3621979, at * 2 (noting that the Supreme Court "held in *Dimaya* that § 16(b) is unconstitutionally vague" but "made no predicate holding vis-à-vis § 924(c)(3)(B)"). Thus, there is no binding authority that holds Section 924(c)'s residual clause void for vagueness in light of *Dimaya*. *But see United States v. Eshetu*, ___ F.3d ___, ___, 2018 WL 3673907, at * 1 (D.C. Cir. 2018) (holding that Section 924(c)(3)(B) is unconstitutional in light of *Dimaya*).

Moreover, this Court need not decide whether *Dimaya* struck down Section 924(c)(3)(B)—or whether *Dimaya*'s rule, so extended, would apply retroactively to Bell's conviction on collateral review—because Bell, even when given the benefit of the doubt on both questions, is still not entitled to relief. That is because Hobbs Act robbery qualifies as a crime of violence under the alternative definition codified in Section 924(c)(3)(A), *see Bell* 680 F. App'x at 330, a provision on which *Dimaya* cast no doubt. *See, e.g.*, *United States v. Nguyen*, ___ F. App'x ___, ___, 2018 WL 3633094, at *2 (10th Cir. 2018). Because that law is well settled—and the Fifth Circuit has already decided against Bell on that point—he cannot successfully challenge it in this Section 2255 proceeding. Further, because Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A), Bell has no grounds to challenge his Section 924(c) convictions.

In sum, because Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A), *Dimaya* offers no help to Bell. Accordingly, the Court should summarily dismiss claim (1).

**B. Remaining Claims**

In his second claim, Bell argues the Fifth Circuit wrongly decided his direct appeal. Specifically, Bell claims that the Fifth Circuit erred in rejecting his challenges on direct appeal. Bell cannot succeed on such a claim in this Section 2255 proceeding. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *see also United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) ("Each of these claims was raised and rejected in Rocha's direct appeal. They are therefore barred from collateral review.") (internal citation omitted). Therefore, the Court should summarily dismiss this claim.

In his third claim, Bell argues that his trial lawyers were constitutionally ineffective because they failed to bring up his long history of mental illness at trial. *See* Dkt No. 7 at 7. To succeed on his ineffective assistance of counsel claim, Bell must show that his attorney's performance fell below an objective standard of reasonableness, *see Strickland v. Washington*, 466 U.S. 668-88 (1984), and that he was prejudiced by that substandard performance, *see id.* at 687, 692. Bell must offer more than "conclusory allegations" that his lawyers were ineffective. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory

6

allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

Bell's allegations—that he suffers from a long history of mental illness—are fatally vague and conclusory. Bell offers no details about his history of mental illness; he fails to specify his impairments, explain how they impact him, or, critically, why his lawyers should have presented evidence of his "long time history of mental illness" at his trial. Without those facts—which are necessary to support his claim—the Court cannot judge the conduct of Bell's trial lawyers against *Strickland*'s standards for deficient performance or prejudice. *See, e.g.*, *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("As the Seventh Circuit recently noted, without a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply *Strickland*'s standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'") (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991), *cert. denied*, 502 U.S. 1116 (1992)). Bell's "mere conclusory allegations in support of [his] claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042. Thus, the Court should summarily dismiss this claim.

Finally, Bell agues his rights under the "Fifth, Sixth, Eighth, and Tenth Amendments of the United States Constitution, and Bill of Rights, have been violated." This claim also is too conclusory to raise a constitutional issue. Bell alleges in bald fashion that four of his Constitutional rights have been violated, but he fails to offer a single fact in support of his claims. Bell makes no attempt to explain when, how, or by whom his rights under four separate Amendments were violated. Thus, the Court should summarily dismiss this claim. *See, e.g.*, *United States v. Hall*, 455 F.3d 508, 522 (5th Cir. 2006) (noting that speculative and conclusory allegations fail to raise a cognizable constitutional issue in Section 2255 proceedings).

### III. Recommendation

For the reasons stated, the Court should dismiss Bell's Section 2255 motion with prejudice.

SIGNED October 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).